UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cr-200 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| ELOY MARTINEZ-GRANADOS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on October 18, 2012, after receiving the written consent of defendant and all counsel. At the hearing, defendant Eloy Martinez-Granados entered a plea of guilty to 1 of the Indictment charging him with being present in the United States without permission of the Attorney General after having been removed subsequent to conviction for 3 or more misdemeanors involving drugs or crimes against the person, in violation of 8 § 1326(a)&(b)(1). There was no written plea agreement, but the parties placed an oral agreement on the record, as follows: (1) the Government will not object to a two-level decrease in the offense level for acceptance of responsibility (USSG§3E1.1(a)); and (2) the Government will move for an additional one-level decrease for entry of a timely plea, if the court grants the two-level decrease and the offense level is 16 or greater. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that

it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to 1 of the Indictment be accepted and that the court adjudicate defendant guilty of the charge. Acceptance of the plea, adjudication of guilt, acceptance of the oral plea agreement, and imposition of sentence are specifically reserved for the district judge.

Dated:  October 22, 2012             /s/  Joseph G. Scoville
                                     U.S. Magistrate Judge

**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d). A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).